THE PEOPLE ex rel. JOSIAH B. BLOSSOM et al. v. HOMER A. NELSON, Secretary of State.

(SPECIAL TERM, ALBANY COUNTY, APRIL, 1871.)

Where the objects of a society are " to provide by the association and co-operation of its members, by their contributions and the contributions of others, a relief fund; also to aid persons of moderate pecuniary resources in obtaining from a reputable insurance company insurance on their lives, and in maintaining the necessary payments on the same, and to secure to families of persons so insured an immediate advance of funds in case of death," it is not an association for a benevolent or charitable purpose within the meaning of the act of 1848 (chap. 319), which provides for the incorporation of " benevolent charitable, &c., societies, &c."

The Secretary of State is not concluded from questioning the objects of the society by the written consent and approbation of the proper justice of the Supreme Court, provided for by that act.

Accordingly held that he might refuse to file in his office a certificate of the incorporation of a society of five or more persons, expressing the objects stated, though in due form under the statute, and having such consent and approbation indorsed.

*William P. Prentice and J. H. Reynolds*, for the relator.

*Amasa J. Parker*, for the defendant.

LEARNED, J.    This is a motion for a mandamus to compel the secretary of State to file a certain certificate of organization, made under the act entitled "An act for the incorporation of benevolent, charitable, scientific and missionary societies," passed April 12th, 1848, being chapter 319 of the Session Laws of that year.    The certificate is signed by eight persons, and was acknowledged by them on the 8th of April, 1871.    The principal office of the society is in the city of New York, and there is attached to the certificate the following: "I consent to and approve of the filing of the within certificate," which is signed by one of the justices of the Supreme Court of first judicial district.    The certificate was presented to the secretary of State, on the 14th day of April, 1871, and he refused to file it in his office.

A certificate of the same association had been previously presented to the secretary of State for filing, and on his refusal, a motion for a mandamus to compel him to file it had been made at the March Special Term.    This motion had been denied by Mr. Justice INGALLS, and the present certificate is modified, so as to meet the objection stated by Mr. Justice INGALLS.    There are two important questions which arise in this motion.

· 1st. Is the consent and approbation of the justice, which is indorsed on the certificate conclusive upon the secretary of State, and on this court on the question whether the association, as its objects are stated in the certificate, is within the authority of the statute.

2d. If not, then is the association within that authority ?

1. It was insisted by the relators, that the secretary of State could not review the decision of the justice who signed the consent, and that the secretary's duties were ministerial and subordinate.    If this were so, perhaps it would follow, that this court also must be bound by the action of the justice, and could not examine in this proceeding, or otherwise, whether the certificate were one authorized by the statute. Indeed, if the consent of the justice to the filing of the certificate is to be considered a decision of a matter submitted

to him by the statute, then it might be doubtful whether a writ of *quo warranto* would lie against an association which had obtained a justice's approval, notwithstanding its expressed objects might be entirely beyond the provisions of the statute.

I cannot think, that any sweeping force is to be given to the act of the justice. Nor does the language of the statute warrant that construction. Section 1 authorizes five or more persons, to make, sign, acknowledge, and file a certain certificate; and it adds, that the certificate shall not be filed unless by the written consent and approbation of a justice. The approval of the justice, like the acknowledgment before a commissioner, is necessary to the certificate; but is not conclusive on the question, whether it is conformable to the statute. I am strengthened in this view by the decision of Mr. Justice Ingalls above mentioned; for in denying the motion for a mandamus, he must have held that the secretary of State was not concluded by the consent and approval indorsed on the certificate.

2. The certificate states that the object of the society is "benevolent, by the association and co-operation of its members, by their contributions and the contributions of others, to provide a relief fund, also to aid persons of moderate pecuniary resources in obtaining from a reputable insurance company insurances on their lives, and in maintaining the necessary payments on the same, and to secure to families of persons so insured an immediate advance of funds in case of death."

As far as I can, from this, understand the plan of the society, the corporators contemplate principally the lending of money. They propose to establish a "relief fund;" but it does not appear that any one is to be relieved by it. To call an amount of money contributed by the members and others a "relief fund," does not, in the least, show that it is to be used for a benevolent purpose. The use to be made of it is not, so far, at least, stated.

The next object is to aid persons in obtaining insurances on their lives. The aid to be thus rendered cannot be in the seeking out life insurance agents. They are too easily found.

The People ex rel. Blossom *v.* Nelson.

It must be the advancing money to pay premiums. In other words, lending money for a specific purpose. And this, too, must be the meaning of aiding to maintain the necessary payments. Plainly, also, the advance of funds to the families in case of death is but a lending of money on the security of the policy.

It seems to me evident, therefore, that the object of this society is the lending of money, probably to its own members. It is true that a great deal of good may be done by lending money, perhaps even more than by giving it away; still, I do not think that associations for lending money, however excellent the motives of the associates may be, are, within the meaning of this statute, associations for benevolent purposes. In saying this, I do not mean to cast any imputations on the objects of this association. They may be, in the highest degree, praiseworthy and desirable. Banks and insurance companies are useful institutions, but they are not benevolent. And so I think that an association, the object of which is to aid its members by loans or advances of money, cannot be strictly called benevolent or charitable.

The secretary of the State refers to the act passed in 1871 (chap. 91), and also to the act of 1870 (chap.     ), and points out that these two special acts seem to provide substantially for similar purposes with those sought to be accomplished under this association. He urges, and with great weight, that these acts give a construction by the legislature and by the executive favorable to his position; that is, that the purposes of this association cannot be attained under the general act of 1848.

I have not examined the objections taken by the defendant's counsel to some details of the certificate of the association, having decided to deny the motion upon the grounds above mentioned.

Judgment for defendant on the demurrer, with costs, to be paid by the relator.